IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **FRANCISCO CISNEROS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action, Case No.: 5:08CV-144-R |
| v. ) | |
| ) | **JURY DEMAND** |
| **PILGRIM'S PRIDE CORPORATION** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Francisco Cisneros, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Plaintiff is a resident of Union City, Obion County, Tennessee. Plaintiff was, at all relevant times, an employee of Defendant Pilgrim's Pride Corporation at its facility in Hickory, Graves County, Kentucky.

3. Defendant Pilgrim's Pride Corporation is a Delaware corporation with its principal place of business at 4845 U.S. Highway 271 North, Pittsburg, TX  75686-0093. Its

registered agent for service of process is CT Corporation System, which may be served at the Kentucky Home Life Building, 239 South 5th Street, Louisville, KY 40202.

## JURISDICTION AND VENUE

4.	This Court has jurisdiction over Plaintiff's federal claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because it raises federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(a).

5.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Plaintiff in Graves County, Kentucky, which is located within this judicial district.

6.	Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as <u>Exhibit A</u>. Plaintiff received a Determination and right to sue from the EEOC with respect to the federal charge set forth below less than ninety days prior to the filing of this Complaint. A copy of Plaintiff's Determination letter is attached hereto as <u>Exhibit B</u>.

## FACTUAL BACKGROUND

7.	Plaintiff began working for Defendant on or about February 8, 2008. Plaintiff's employer-provided health insurance would have become effective on April 8, 2008.

8.	Plaintiff worked on the "debone line." The debone line is a moving assembly that carries chickens to workstations where employees use knives to debone the chickens.

9.	On March 1, 2008, Plaintiff got dizzy while working the debone line. Plaintiff was examined by Defendant's nursing staff and found to have high blood sugar. Defendant

summoned a friend of Plaintiff who also worked for Defendant and instructed her to take Plaintiff to the hospital.

10. Plaintiff went to the emergency room for treatment. After an examination, Plaintiff was diagnosed with new-onset diabetes. Plaintiff received a prescription for medication to control his diabetes. The doctor also released Plaintiff to return to work on March 3, 2008 with instructions to take his medication.

11. On March 3, 2008, Plaintiff and his friend went to Defendant's on-site medical facility. Plaintiff's friend provided the doctor's release to Defendant's nurse. Plaintiff then asked if he could be moved to a job not involving moving lines until the medication got his blood sugar under control. When Defendant stated he could not be moved, Plaintiff stated he would continue working his job.

12. Also on March 3, 2008, Defendant informed Plaintiff that the nurse had pricked her finger while checking his blood sugar on March 1. Because of this, Defendant required Plaintiff to go to an off-site medical clinic for blood work. Having this blood drawn made Plaintiff ill and, on his supervisor's advice, he took off the rest of the day.

13. After working without incident on March 4, on March 5, 2008, Plaintiff's supervisor complained that he was working too slowly. The supervisor then stated that Plaintiff was "sick" and ordered him to return to Defendant's medical department. While he was in the medical department, Defendant terminated Plaintiff's employment.

14. Plaintiff had not been aware that he had diabetes at the time he applied for a job with or commenced working for Defendant.

15. Plaintiff's diabetes substantially impaired many of his daily activities, including walking, seeing, working, and performing specific tasks for long periods of time without

3

interruption. Plaintiff, however, obtained medical treatment and medication that would have controlled his diabetes and allowed or, with sufficient time to enter his system, would have allowed Plaintiff to perform his job.

16. Defendant terminated Plaintiff because of Plaintiff's disability, because he had a record of being disabled, and/or because it regarded him as disabled.

17. These actions of Defendant were intentional, willful, deliberate, knowing, and malicious.

18. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Plaintiff has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 – 18.

20. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

21. Defendant terminated Plaintiff because he was disabled, had a record of disability, and/or was regarded by Defendant as disabled.

22. Defendant's discriminatory actions against Plaintiff were willful and knowingly committed.

23. As a direct and proximate result of Defendant's adverse treatment of Plaintiff in violation of the Americans with Disabilities Act, Plaintiff was injured and suffered damages.

24. Plaintiff has sustained a loss of back pay, benefits, incidental expenses, and front pay.

25. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Plaintiff's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE KENTUCKY CIVIL RIGHTS ACT

26. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 – 25.

27. Defendant's conduct constitutes illegal discrimination on the basis of disability in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq*.

28. As a result of Defendant's conduct, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of twelve try this cause;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's actions in an amount to be proven at trial;

4.That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.That the Plaintiff be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6.That costs and discretionary costs be taxed against Defendant;

7.That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

8.That Defendants be ordered to pay punitive damages in an amount to be determined at trial;

9.That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10.For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
One Executive Boulevard, Suite 340-A
Paducah, KY  42001
Voice: (270) 443-9401
Fax:(270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Francisco Cisneros*